ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| FRANCES RODRÍGUEZ FONTÁNEZ<br>Recurrida<br><br>v.<br><br>EXCEL SERVICE STATION LLC H/N/C GARAJE GULF Y OTROS<br>Peticionaria | KLCE202300294 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Número:<br>YB2021CV00111<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece la parte peticionaria, Excel Service Station LLC (Excel; peticionaria), ante este Tribunal de Apelaciones, mediante un recurso de *certiorari*. Excel recurre de una *Resolución* emitida el 17 de febrero de 2023, y notificada el 21 de febrero de 2023, por el Tribunal de Primera Instancia, Sala Superior de Yabucoa (TPI),[1] en el caso del título, que declaró no ha lugar la solicitud de reconsideración para que el TPI ordenara la reapertura del término de descubrimiento de prueba para permitir prueba pericial.

Adelantamos que denegamos la expedición del auto de *certiorari*.

### I

El 4 de mayo de 2021 se presentó una demanda por la señora Frances Rodríguez Fontánez (Sra. Rodriguez; recurrida) contra Excel. La recurrida alegó que sufrió una caída el 22 de mayo de 2020, en Excel Service Station y solicitó el resarcimiento de daños a la peticionaria, una corporación dueña de ese negocio.[2] El 28 de julio de 2021, Excel presentó su Contestación a la Demanda.[3]

Luego de los trámites de rigor, el 3 de marzo de 2022, las partes presentaron el Informe para el Manejo del Caso, en el cual Excel anunció

---

[1] Apéndice del recurso, pág. 48.
[2] Apéndice, págs. 1-6.
[3] Apéndice del recurso, págs. 7-12.

que se proponía utilizar como prueba pericial al Dr. Carlos Grovas, sobre los daños físicos de la demandante y determinación de impedimentos.[4] En la vista de Conferencia Inicial celebrada ese mismo día, 3 de marzo de 2022, se calendarizó descubrimiento de prueba por las partes, que incluyó deposiciones, interrogatorios, y la parte demandante mencionó que "de ser necesario se contratará un perito ingeniero".[5] Además, el TPI dispuso lo siguiente:

> Se señala Conferencia con Antelación a Juicio por videoconferencia para el 12 de octubre de 2022. Se imparten instrucciones para la presentación de la prueba documental junto al informe de conferencia con antelación al juicio.[6]

El foro recurrido emitió el 5 de octubre de 2022 una *Resolución*, notificada el 6 de octubre de 2022,[7] que dispuso lo siguiente:

> Ante la moción presentada por la parte demandante, se deja sin efecto la vista de conferencia con antelación al juicio del 12 de octubre de 2022 y **se transfiere para el 6 de febrero de 2023 a las 10:30 AM por video conferencia**. Informe debe ser presentado por lo menos 10 días antes de la conferencia: la prueba marcada y entrada en Sumac en moción independiente como prueba estipulada, identificación parte demandante e identificación parte demandada. (Énfasis nuestro.)

Llamado el caso para Conferencia con Antelación a Juicio por videoconferencia, el 6 de febrero de 2023, comparecieron las partes y sus abogados. Surge de la minuta de esa vista, **en cuanto al manejo del caso por el Tribunal**, lo siguiente:

> El licenciado Figueroa dice envió interrogatorio en octubre de 2021, ha enviado comunicaciones y no han contestado. Se calendarizó deposición del dueño y fue cancelada; no se ha podido coordinar nuevamente. Añade, la demandante fue depuesta. El licenciado menciona contrataron un ingeniero y remitieron en octubre el informa pericial. Explica no se ha hecho oferta ya que no cuentan con todas las herramientas.

> La licenciada González aclara notificó contestación a interrogatorio con toda la prueba y documentos que la parte demandante solicitó a través del licenciado Cobián. En septiembre recibió el Informe médico de la parte demandante. Expresa no tiene informe pericial de ningún ingeniero. Sobre la deposición desconocía de ella y no le fue

---

[4] Apéndice, pág. 21.
[5] Apéndice, pág. 26 (Minuta de la Conferencia Inicial por videoconferencia celebrada el 3 de marzo de 2022).
[6] *Id.*
[7] Apéndice, pág. 33.

reclamada por una 34.1. Indica cursó Informe pericial médico del perito de la parte demandada.

Ante la insistencia del licenciado Figueroa, la licenciada González revisa sus correos electrónicos y aclara recibió el Informe pericial del ingeniero e informa la parte demandada no contratara perito de negligencia.

El licenciado Figueroa hace constar que la vista de CAJ fue suspendida de octubre para febrero para poder rendir el Informe del perito ingeniero Otto González y el Informe fue remitido con todos los anejos.[8]

Finalmente, "[e]l Tribunal da por concluido el descubrimiento de prueba con la prueba existente y dispone"[9] en corte abierta lo siguiente:

1. concede "5 días antes de la vista presentar Memorando de Derecho sobre valoración de daños;
2. ordena que "el representante de la parte demandante y de la demandada deberán estar disponibles para la vista transaccional;
3. señala "**Vista transaccional 14 de marzo de 2023, a las 3:00pm**";
4. ordena que "en o antes del 6 de marzo [se presente] Informe de *pre-trial*"; y
5. concede "5 días a la parte demandante para remitir oferta y 5 días a la parte demandada para contestar."[10]

Excel presentó el 16 de febrero de 2023 una *Solicitud de reconsideración sobre prueba pericial*[11] en la que reclama que se reconsidere la orden en corte abierta el 6 de febrero de 2023 que dio por concluido el descubrimiento de prueba, y que permita el uso del ingeniero Emilio Solís por la compareciente. El TPI emitió la resolución recurrida el 17 de febrero de 2023, notificada el 21 de febrero siguiente, que declaró no ha lugar la solicitud de reconsideración de la peticionaria.

Inconforme, Excel presentó el recurso de *certiorari* ante nosotros, con el siguiente señalamiento de error:

Erró el Tribunal de Primera Instancia al abusar de su discreción y no permitir a la peticionaria el uso de su perito de negligencia, Ingeniero Emilio Solís, aún cuando la parte demandante tardó en exceso de un (1) año y cinco (5) meses, en notificar su informe pericial de negligencia, posterior a la fecha del señalamiento de la conferencia con antelación a juicio original; y haber sido notificado el informe pericial del Ingeniero Emilio Solí[s] a diez (10) días de la vista del 6 de febrero, lo que no ocasionaba perjuicio alguno a la parte demandante, ni dilataba el calendario del TPI, según lo había hecho la demandante anteriormente.

---

[8] Apéndice del recurso, págs. 34-35.
[9] Apéndice del recurso, pág. 35.
[10] *Id.*
[11] Apéndice del recurso, págs. 36-43.

Prescindimos de la comparecencia de la parte peticionada, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[12]

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR, supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

La Regla 52.1 dispone lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que

---

[12] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* de acuerdo con la Regla 52.1, este Tribunal no tiene que fundamentar su decisión.

**III**

Según señalamos antes, al determinar si debemos expedir o no el auto discrecional de *certiorari*, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil. La contestación a dicha interrogante es en la negativa, ya que se recurre de una orden que dio por concluido descubrimiento de prueba. Por otro lado, al examinar el recurso de *certiorari* presentado el 23 de marzo de 2023, así como los documentos adjuntados al mismo, somos del criterio que no se justifica nuestra intervención, pues no vemos que, en el manejo del caso ante el TPI, se haya incurrido en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por consiguiente, no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.[13]

**IV**

Por lo antes expuesto, este Tribunal **deniega la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).